IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEREK M. FLEENER,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 6:14-CV-01212-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff Derek Fleener brings this action pursuant to the Social Security Act (Act) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) benefits. The issues before this Court are whether the ALJ erred in his determination of the medical evidence, plaintiff's

Page 1 - OPINION AND ORDER

credibility, plaintiff's mental limitations, and his evaluation of lay witness testimony. The Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

On January 25, 2010, plaintiff applied for SSI. Tr. 17. The claim was denied initially and on reconsideration. Tr. 17. On September 26, 2012, plaintiff appeared before an Administrative Law Judge (ALJ) along with his attorney and a vocational expert. Tr. 17. On December 27, 2012, the ALJ issued a decision finding plaintiff not disabled. Tr. 29. On May 31, 2014, the Appeals Council denied plaintiff's request for review. Tr. 1-3. Plaintiff now seeks judicial review.

## STATEMENT OF FACTS

Plaintiff was forty-four years old at the time of his amended alleged disability onset date and forty-six at the date the application was filed.[1] Tr. 17, 28. Plaintiff previously worked as an automobile detailer. Tr. 28. Plaintiff has at least two years of community college. Tr. 47. Plaintiff's severe impairments are: back disorder-status post discectomy/fusion, sleep apnea, gastroesophogeal reflux disease, grastroparesis, somatoform disorder, and schizoaffective disorder. Tr. 19.

## STANDARD OF REVIEW

---

[1] Plaintiff initially alleged disability as of December 20, 1999. Tr. 17. At the hearing, plaintiff amended his alleged onset date to April 25, 2008. Tr. 17.

Page 2 - OPINION AND ORDER

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## COMMISSIONER'S DECISION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since his application date of January 25, 2010. Tr. 19; Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff has a "medically severe impairment or combination of impairments," including back disorder-status post discectomy/fusion, sleep apnea, gastroesophogeal reflux disease, gastroparesis, somatoform disorder, and schizoaffective disorder. Tr.19; Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c).

At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 21; Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d).

The ALJ next found that plaintiff had the residual functional capacity (RFC) to:

> perform light work, which is defined as lifting and/or carrying twenty pounds occasionally and ten pounds frequently, walking and/or standing for up to six hours in an eight hour worked day, and sitting for up to six hours in an eight hour work day with normal breaks.[citation

omitted].The [plaintiff] is limited to occasional climbing of ramps and stairs, and he can never climb ropes, ladders, or scaffolds. He is also limited to frequent stooping and occasional crawling, crouching, and kneeling. In addition, the claimant is limited to unskilled work with a specific vocational preparation (svp) rating of one or two.

Tr. 23.

At step four, the ALJ found that plaintiff could not perform his "past relevant work." Tr. 28; 20 C.F.R. § 416.920(f).

At step five, the Commissioner must determine if the claimant can perform other work that exists in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(g). Here, the ALJ found that plaintiff retains the RFC to perform work existing in significant numbers, such as motel cleaner, cashier II, and car wash attendant. Tr. 29; 20 C.F.R. § 416.966. Therefore, the ALJ found that plaintiff was not disabled.

## DISCUSSION

Plaintiff argues that the ALJ erred by: 1) improperly crediting some and rejecting other medical evidence from Dr. Sweet; 2) improperly evaluating Dr. Lundblad and Dr. Sweet's opinions in relation to each other; 3) not including all of plaintiff's functional limitations in the RFC determination; 4) improperly evaluating plaintiff's RFC; and 5) failing to credit the statements of plaintiff's wife, Patty Fleener.

## I. Dr. Sweet's Medical Opinion

Plaintiff contends that the ALJ erred by not fully crediting the opinion of examining psychologist David N. Sweet. Pl.'s Br. 6. The ALJ may reject an evaluating doctor's opinion that has been contradicted by another doctor only by providing specific and legitimate reasons that are supported by substantial evidence in the record. Lester v. Chater, 91 F.3d 821, 830-831 (9th Cir. 1996). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)(citation omitted).

In this case, Dr. Sweet was contradicted by nonexamining State agency psychologist Sandra L. Lundblad, Psy.D. Tr. 26-7, 113-15, 370. The ALJ proffered two reasons for discounting Dr. Sweet's opinion. First, the ALJ found that Dr. Sweet's opinion did not match his observations, and second, Dr. Sweet based his opinion on plaintiff's own statements which were found to be not credible. Tr. 26. Plaintiff does not challenge the ALJ's credibility determination.

The ALJ may discount a doctor's opinion if the opinion conflicts with the doctor's treatment notes. Holohan v. Massanari, 246 F.3d 1195, 1205(9th Cir. 2008). In this case, Dr. Sweet opined that plaintiff "was not capable of engaging in

Page 6 - OPINION AND ORDER

competitive employment." Tr. 26. The ALJ disregarded this opinion based on Dr. Sweet's observations of plaintiff's "ability to cooperate and respond to questions as well as his ability to 'offer a great deal of information spontaneously.'" Tr. 26. These statements alone are an insufficient reason to discount Dr. Sweet's opinion given they do not explain how or why the ability to cooperate and answer questions would impact plaintiff's ability to work.

However, the ALJ provided another valid reason to discount Dr. Sweet's opinion: his exclusive reliance on plaintiff's own statements. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)). A general assertion that the plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

Page 7 - OPINION AND ORDER

In this case, the ALJ found plaintiff not credible because of numerous inconsistencies in plaintiff's testimony as to his memory and concentration, symptoms, and daily living activities.

The ALJ found that plaintiff's alleged difficulties with memory and concentration do not appear as severe as suggested when compared to the record. Tr. 25. Plaintiff states that he forgets easily and has trouble with memory and concentration. Tr. 316. However, during a 2009 examination, plaintiff recalled three out of three words immediately and two out of three words after a five-minute delay. Tr. 25. In 2010, an investigator with the Cooperative Disability Investigations Unit[2] visited plaintiff's home and observed that plaintiff "appeared to have good memory recall of past events, as well as short-term recall of recent events. He demonstrated this by his discussion of past employment (ten or more years past), medical events and treatments, their recent train travels to California…and the damages done to his vehicle while they were gone." Tr. 337.

During this investigation, plaintiff also stated that he cannot do chores, bathe by himself, use the toilet by himself, prepare his own meals, or perform house or yard work. Tr. 312-13. However, investigators talked with a former housemate who observed plaintiff moving furniture, bathing a large dog,

---

[2] The Cooperative Disability Investigations Unit was investigating plaintiff for exaggerating symptoms related to his Title XVI claim. Tr. 332.

Page 8 - OPINION AND ORDER

cleaning the house, grocery shopping, making house repairs as needed, and even working under the table at a local car lot. Tr. 25. These investigators also found plaintiff's hygiene was unremarkable, with no body odor or uncleanliness, which runs counter to plaintiff's statements that he only bathes once a month and has trouble with personal care. Tr. 22, 25. Additionally, both Dr. Sweet and Dr. Joel Suckow, MD, remarked that plaintiff was "adequately groomed." Tr. 365, 403.

The ALJ also noted plaintiff's failure to follow through on recommended strengthening exercises that may reduce his pain symptoms. Plaintiff was told repeatedly to try water aerobics, or back exercises to strengthen core muscles to relieve his pain symptoms. The ALJ found that plaintiff's failure to pursue such treatment meant that plaintiff's pain may not be as bad as alleged, because a reasonable person would have tried recommended alternative strategies in an attempt to reduce pain. Tr. 25; see Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007)("if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding complaint unjustified or exaggerated.").

The above inconsistencies when taken together provide clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. Therefore,

Page 9 - OPINION AND ORDER

the ALJ's decision to discount Dr. Sweet's opinion was not erroneous, because it was based to a substantial degree on plaintiff's own statements.

## II. Dr. Sweet's Observations and Dr. Lundblad's Opinion

Plaintiff alleges two errors with respect to the ALJ's findings regarding the medical opinions of Dr. Lundblad and Dr. Sweet. First, plaintiff argues that because the ALJ relied on Dr. Sweet's observations to support Dr. Lundblad's opinions, the ALJ should have accepted Dr. Sweet's observations as functional limitations. Second, plaintiff argues that the ALJ improperly discounted some of Dr. Lundblad's opinion that was supported by the record. This Court finds no error.

### A) Dr. Sweet's Observations

The ALJ relied on Dr. Lundblad's opinion because it was consistent in part with Dr. Sweet's report. Tr. 27. The ALJ stated:

> [Dr. Lundblad] opined that [plaintiff] would be limited in his concentration, persistence and pace, but he would be capable of maintaining focus on simple tasks and routines. This portion of Dr. Lundblad's opinion is given great weight as it is consistent with the [plaintiff's] performance on the mental status examination administered by Dr. Sweet.

Tr. 27 (internal citations omitted). Plaintiff argues that the ALJ therefore should have considered Dr. Sweet's observations that were consistent with Dr. Lundblad's opinion as functional

limitations in determining plaintiff's RFC. In his examination, Dr. Sweet observed:

> [Plaintiff's] eye contact was not adequate for the situation. He tended to look to the side or down most of the time…Thought process and content was organized and disorganized and goal directed. At times he could stay on track but at other times he seemed to lose track of the conversation and [Dr. Sweet] had to redirect him…deficits are noted in attention, concentration and memory.

Tr. 369.

Plaintiff argues that the above observations "would affect [plaintiff's] social interactions related to the general public, co-workers and supervisors" and "[a] need for redirection would disrupt the work process and require an excessive amount of supervisory intervention." Pl.'s Br. at 8-9. However, these are plaintiff's own conclusions about Dr. Sweet's findings, not the conclusions of an accepted medical source. Dr. Sweet did not state how these observations translated into workplace functional limitations, or even that they would. Therefore, the ALJ did not err by not considering Dr. Sweet's observations as functional limitations.

### B) Dr. Lundblad's Opinion

Similarly, plaintiff argues that the ALJ should have given weight to Dr. Lundblad's statement that plaintiff had "social interaction limitations," because they were supported by the record. The ALJ can reject a non-examining physician's opinion

Page 11 - OPINION AND ORDER

with reference to specific evidence in the record. <u>Sousa v. Callahan</u>, 143 F.3d 1240, 1244 (9th Cir. 1998).

According to the record in this case, plaintiff has "good friends and support from his spouse and family," he has "friends in Portland and Oregon City that he calls occasionally," and he discussed traveling to California to see family and friends. Tr. 513, 367, 337. The ALJ determined the ability to travel and to make and keep friends does not support a finding of social interaction limitations. If there is evidence that supports more than one rational interpretation, the court must defer to the ALJ's decision. <u>Batson v. Comm'r of the Soc. Sec. Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004.) Therefore, this court defers to the ALJ's evaluation of Dr. Lundblad's opinion.

### III. **Plaintiff's RFC**

Plaintiff contends the ALJ erred in assessing plaintiff's RFC by not adequately addressing plaintiff's mental activities and by not including a limitation due to plaintiff's fatigue. This court finds that the ALJ erred in assessing plaintiff's mental limitations as set forth in the RFC determination, but he did not err in assessing plaintiff's alleged fatigue.

A) <u>Plaintiff's Mental Limitations</u>

Plaintiff argues that the ALJ's RFC statement limiting plaintiff to "unskilled work with a [SVP] rating of one or two" was insufficient because it failed to include plaintiff's

Page 12 - OPINION AND ORDER

moderate limitations in concentration, persistence, and pace. I agree.

The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184.

"An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). In Stubbs-Danielson, the court upheld an RFC determination that only limited a plaintiff to "simple tasks" when the record reflected limitations in pace. Id. In contrast, in Brink v. Comm'r of the Soc. Sec. Admin., the court held that Stubbs-Danielson does not apply when an ALJ makes an actual finding of a moderate limitation in

Page 13 - OPINION AND ORDER

concentration, persistence, and pace. Brink v. Comm'r of the Soc. Sec. Admin., 343 Fed. Appx. 211, 212 (9th Cir. 2009). The court held that such moderate limitations, when found by the ALJ, must be included in the RFC and hypothetical provided to the VE. Id.; Lubin v. Comm'r of the Soc. Sec. Admin., 507 Fed. Appx. 709, 712 (9th Cir. 2013); Lee v. Colvin, 80 F. Supp. 3d 1137 (D. Or. Jan. 6, 2015).

In this case, the ALJ explicitly found that plaintiff has moderate limitations in concentration, persistence and pace but is capable of maintaining focus on simple tasks and routines. Tr. 23, 27. However, in his RFC determination and subsequent hypothetical to the VE, the ALJ's only mental limitation was to "unskilled work with a [SVP] rating of one or two."[3] Tr. 23, 65-67. While a SVP measures how long it takes a worker to learn a position, it does not address a plaintiff's limitations related to concentration, persistence, or pace or other non-exertional restrictions. See DOT, Appx. C § II. At best, a SVP of one or two corresponds to unskilled work. SSR 00-4p, 2000 WL 1898704 at *3. Therefore, the ALJ essentially limited plaintiff to all

---

[3] A SVP "[i]s defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for an average performance in a specific job-worker situation." U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) available at 1991 WL 688702, Appx. C, § II(4th ed. 1991).

Page 14 - OPINION AND ORDER

unskilled work. At issue here is whether "unskilled work" is an adequate translation of plaintiff's mental limitations.

The Commissioner argues that the ALJ's RFC limitation

> necessarily presumed that Plaintiff retained the ability to perform the basic mental demands of competitive, remunerative, unskilled work that includes the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers and usual work situations; and to deal with changes in a routine work setting.

Def.'s Br. 11.[4] However, the ALJ did not make these findings and did not present them in the hypothetical presented to the VE. Further, when the ALJ specifically asked the VE about the capability of a person limited to unskilled work and who is "off task, low focus, low concentration for 10 percent of the workday," the VE responded that such a person would be precluded from gainful activity. Tr. 66-67. Thus, the VE's response demonstrates that unskilled work does not necessarily address limitations in concentration, persistence, and pace. Other district courts have reached similar conclusions. See Doty v. Astrue 2014 WL 1269479, at *3 (D. Or. Mar. 26, 2014)("Unskilled work by itself does not adequately capture plaintiff's 'moderate limitation' with regard to concentration, persistence and pace."); Oberg v. Colvin, 2014 WL 3695609, at *13-14 (D. Or. July 24, 2014) ("a limitation to 'unskilled work,' without more,

---

[4] Defendant cites to: SSR 85-15, available at 1985 WL 56857, *1; SSR 96-8p, available at 1996 WL 374184, *6; and SSR 00-4p, available at 2000 WL 1898704, *3.

Page 15 - OPINION AND ORDER

is insufficient to incorporate [plaintiff's] moderate limitation on concentration, persistence, or pace."); Juarez v. Colvin, 2014 WL 1155408, at *7 (C.D. Cal. Mar. 20, 2014)("The ALJ's RFC determination should have included not only the limitation to unskilled work but also a moderate limitation in maintaining concentration, persistence, and pace.").

Therefore, the ALJ erred by failing to incorporate plaintiff's full mental limitations in the RFC determination and resulting hypotheticals to the VE.

B. Plaintiff's Fatigue

Plaintiff argues the ALJ discounted his fatigue symptoms because they were a side effect of methadone and because stopping or reducing methadone treatment may reduce these symptoms. Plaintiff cites to 20 C.F.R. § 416.929(c)(3)(iv) for the proposition that "adverse side effects of medication should be included in the [RFC.]" Pl.'s Br. 12-13. However, this regulation does not require adverse side effects to be included in the RFC. It refers to only "evidence the Commissioner should consider in determining how a claimant's symptoms may affect her capacity to function under the guidelines." Vasquez v. Astrue, 572 F.3d 586, 592 (9th Cir. 2008). In other words, it requires the ALJ to take consider side effects when making an RFC determination.

Page 16 - OPINION AND ORDER

In this case, the ALJ appropriately considered plaintiff's fatigue and properly determined it was under control and should not be included in the RFC. The ALJ noted that in 2010, plaintiff was able to sleep through the night without interruption when using a CPAP machine and Ambien. Tr. 19. In 2011, plaintiff again had trouble with daytime sleepiness but was prescribed Adderall which improved his daytime fatigue. Tr. 19-20. These statements demonstrate that the ALJ did in fact consider plaintiff's fatigue and determined that it was under control. Therefore the ALJ did not err by not including a fatigue limitation in the RFC.

**IV. Vocational Expert**

"If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the ... testimony has no evidentiary value." Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)(citations and internal quotation marks omitted). Because the ALJ did not include all of plaintiff's mental limitations in the RFC and subsequent hypothetical to the VE, the VE's testimony cannot support the ALJ's findings. Therefore, plaintiff's arguments regarding the VE's testimony are moot.

**V. Lay Witness Statements**

Finally, plaintiff asserts that the ALJ neglected to provide a germane reason to reject the testimony of plaintiff's wife, Patty Fleener. The ALJ can reject the testimony of lay

Page 17 - OPINION AND ORDER

witnesses only by providing reasons germane to each witness. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). Lay witness testimony may be disregarded on the same basis as claimant's discredited subjective reports. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). Nothing precludes an ALJ from considering the close relationship between a lay witness and a claimant when evaluating credibility. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). However, lay witness testimony may not be rejected just because the lay witness is an "interested party." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d at 694.

Here, the ALJ gave no weight to Ms. Fleener's statements because "she appears to have potential secondary gain issues." Tr. 27. The ALJ cannot rely on characteristics common to all spouses as reason to discount a spouse's testimony. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d at 694. Therefore, Ms. Fleener's "potential secondary gain issue" is not a germane reason to discredit her testimony.

However, in this case, the error was harmless because Ms. Fleener's statements were similar to plaintiff's, which the ALJ rejected. An ALJ's failure to articulate a germane reason is nonetheless harmless if that "testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony

Page 18 - OPINION AND ORDER

apply equally well to the lay witness testimony." Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012).

In this case, Ms. Fleener submitted a third-party function report on February 16, 2010. Tr. 303-10. In this report, Ms. Fleener stated plaintiff had difficulties with sleeping, personal care, depression, mental illness, back pain, and concentration. Tr. 303-10. She also mentions that plaintiff "is schizoaffective with depression and has psychotic episodes with chronic back pain with restriction." Tr. 310. This testimony is generally similar to plaintiff's own testimony and allegations in his function report. Tr. 312-18. Thus, even assuming the ALJ failed to provide a germane reason to discount Ms. Fleener, such an error was harmless.

## CONCLUSION

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings. Upon remand, the ALJ shall incorporate accepted mental limitations into plaintiff's RFC and into the relevant hypothetical questions posed to the VE.

IT IS SO ORDERED.

DATED this 15th day of September, 2015.

Ann Aiken
United States District Judge

Page 19 - OPINION AND ORDER